UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RYAN LEMAY, on behalf of himself and others similarly situated, | |
| Plaintiffs, | Civ. A. No. 17-10060 |
| v. | **JURY DEMANDED** |
| TODISCO SERVICES, INC. and PASQUALE TODISCO III, | |
| Defendants. | |

## COMPLAINT

### I. INTRODUCTION.

1. This action is brought by Ryan LeMay on behalf of himself and all other individuals who have worked for Defendants Todisco Services, Inc. and Pasquale Todisco III providing tow truck services in Massachusetts.

2. As described below, Defendants have violated the Massachusetts Overtime Law, M.G.L. c. 151, §§ 1A and 1B, and the federal Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207, by failing to pay their employees time-and-a-half for hours worked in excess of forty hours per week. In addition, and as a result of that conduct, Defendants have violated the Massachusetts Wage Act, M.G.L. c. 149, § 148.

3. Plaintiffs seek restitution for their unpaid overtime wages, as well as statutory liquidated damages pursuant to M.G.L. c. 151, § 1B, and 29 U.S.C. § 216, interest, attorneys' fees and costs, as well as any other relief that this Court deems proper, all as provided for by law.

1

## II. PARTIES.

4.     Plaintiff Ryan LeMay is an adult resident of Rowley, Massachusetts.  He was employed by Defendants in 2015 and 2016 as a tow truck driver.

5.     Mr. LeMay brings this action on behalf of himself and all others similarly situated, namely: all other individuals who have worked in Massachusetts as tow truck drivers for Defendants, and who have not received all overtime wages to which they are entitled, as described below.

6.     Defendant Todisco Services, Inc. is a Massachusetts company that is located at 94 Condor Street, in East Boston, Massachusetts.

7.     Defendant Pasquale Todisco III is the owner of Todisco Services, Inc.  He is the President, Treasurer, Secretary, Director, and Registered Agent for Todisco Services, Inc.  He is in charge of day-to-day operations, establishment of employment policies, supervision of workers, and setting employees' pay rates.  He is an employer of Mr. LeMay and the members of the individuals identified in paragraph 5, and is personally liable for the violations alleged in this Complaint.

## III. JURISDICTION AND VENUE.

8.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, namely, the FLSA.

9.     The Court has supplemental jurisdiction over the state law claims presented in matter pursuant to 28 U.S.C. § 1367(a) because those claims are part of the same case and controversy as the claim arising under the FLSA.

2

10. This venue is the appropriate venue for this matter because Mr. LeMay is a resident of the Eastern Division and Defendant operates out of East Boston, Massachusetts.

**IV. STATEMENT OF FACTS.**

11. Defendants employ tow truck drivers to perform services in Massachusetts.

12. Defendants pay their tow truck drivers an hourly rate. Mr. LeMay, for example, was paid an hourly rate of between $17 and $20 while employed by Defendants.

13. Defendants' tow truck drivers, including Mr. LeMay, regularly work more than forty hours per week.

14. However, Defendants do not pay the tow truck drivers, including Mr. LeMay, time-and-a-half or "premium" compensation for hours worked in excess of forty per week.

15. Defendants' tow truck drivers are eligible for the overtime premium because they do not work in an occupation or primarily perform job duties that would exempt from overtime compensation under state or federal law.

16. Mr. LeMay and Defendants' other tow truck drivers perform their work in Massachusetts. During most weeks, they perform no work whatsoever outside of Massachusetts.

17. To the extent that Defendants' tow truck drivers perform some minimal and infrequent work in other states, any such interstate activity is *de minimis*. Their connection to interstate commerce is insignificant and trivial.

18. As a result of Defendants' failure to pay overtime compensation to the tow truck drivers, including Mr. LeMay, Mr. LeMay and the tow truck drivers have been deprived of the wages and overtime wages owed to them.

19. As a result of Defendants' failure to pay overtime compensation to the tow truck drivers, including Mr. LeMay, Defendants have intentionally, willfully, and repeatedly violated the FLSA.

20. Defendants are or should reasonably be aware that they are required to pay Mr. LeMay and the tow truck drivers an overtime premium when they work more than forty hours in a week. However, Defendants have intentionally, willfully, and repeatedly withheld such compensation.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES.

21. Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 § 150, named Mr. LeMay filed state law statutory claims with the Office of the Attorney General on December 16, 2016. Mr. LeMay received authorization from the Office of the Attorney General to proceed on these claims on behalf of themselves and others similarly situated by letter dated December 21, 2016.

## VI. RULE 23 CLASS ALLEGATIONS.

22. Pursuant to Fed. R. Civ. P. 23 and M.G.L. c. 151, § 1B, Mr. LeMay brings his claims for violation of the Massachusetts Overtime Law, M.G.L. c. 151, § 1A (Count

I), and the Massachusetts Wage Act, M.G.L. c. 149, § 148 (Count III), on behalf of himself and all other individuals who have worked for Defendants and have not received all overtime wages to which they are entitled and which they are owed.

23. Class certification is appropriate under M.G.L. c. 151, § 1B, because Mr. LeMay and the members of the putative class are similarly situated.

24. The members of the class are so numerous that joinder of all of them is impractical.

25. There are issues of law and fact common to all class members, because Defendants' wage payment practices apply to all class members.

26. The claims of the named plaintiff are typical of the claims of all members of the class, because all members of the class were subject to the same unlawful practices.

27. The named plaintiff and his counsel will fairly and adequately represent the interests of the class, and have no conflict of interest with them.

28. The claims asserted on behalf of the class predominate over any question of law or fact affecting only individual members of the class. The predominant questions of law or fact are clear, precise, well-defined, and applicable to the named plaintiff as well as every member of the proposed class.

29. A class action is superior in this case for several reasons including, but not limited to, that: the case challenges an employer's uniform wage payment practices; many employees may be reluctant to bring claims individually for fear of retaliation; some class members may not have the motivation or resources to bring their claims

individually; and it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS.

30. Pursuant to 29 U.S.C. § 216(b), Mr. LeMay brings his claim for violation of the FLSA, 29 U.S.C. § 207, on behalf of himself and all other individuals who have worked for Defendants and have not received all overtime wages to which they are entitled and which they are owed.

31. Certification of that collective action is appropriate because the putative collective action members are similarly situated, in that they were all performed generally the same job duties, were compensated in generally the same manner, and were subject to the same allegedly unlawful policy of failing to pay overtime compensation.

## COUNT I
### FAILURE TO PAY OVERTIME – M.G.L. c. 151, § 1A

32. Defendants' conduct in failing to pay their employees time-and-a-half for hours worked in excess of forty per week, as set forth above, violates M.G.L. c. 151, § 1A. This claim is brought pursuant to M.G.L. c. 151, § 1B.

## COUNT II
### FAILURE TO PAY OVERTIME - 29 U.S.C. § 207

33. Defendants' conduct, as set forth above, in willfully failing to pay their employees time-and-a-half for hours worked in excess of forty hours per week, as set

forth above, violates the Fair Labor Standards Act, 29 U.S.C. § 207. This claim is brought pursuant to 29 U.S.C. § 216(b).

## COUNT III
### FAILURE TO PAY WAGES EARNED - M.G.L. c. 149, § 148

34. Defendants' conduct, as set forth above, in failing to pay their employees their earned wages, including time-and-a-half pursuant to the FLSA, violates the Massachusetts Wage Act, M.G.L. c. 149, §148. This claim is brought pursuant to M.G.L. c. 149, § 150.

## JURY DEMAND

Plaintiffs request a trial by jury on all claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 and/or M.G.L. c. 151, § 1B;

2. Authorization to notify Defendants' employees of their right to opt into this lawsuit pursuant to 29 U.S.C. § 216;

3. An award of damages for all overtime wages that are due to the named Plaintiff and all similarly situated employees;

4. Statutory trebling of all wage-related damages as to Counts I and III;

5. Liquidated damaged as to Count II;

6. Attorneys' fees and costs;

7. Interest; and

8. Any other relief to which the named plaintiff and similarly situated employees may be entitled.

Respectfully submitted,

RYAN LEMAY, on behalf of
himself and all individuals similarly
situated,

By their attorneys,


 /s/ Hillary Schwab
Hillary Schwab, BBO #666029
Brant Casavant, BBO #672614
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(t) (617) 607-3260
(f) (617) 488-2261
hillary@fairworklaw.com
brant@fairworklaw.com

**Dated:** January 12, 2017